UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GREENFIELD PROP OWNER II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOULDIN & LAWSON, LLC, et al.,<br><br>Defendants. | Case No. 21-cv-07161-TLT (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 105 |

This lawsuit involves a fire at the plaintiff's property (a cannabis-production facility) and the plaintiff's resulting claim for negligence against the defendants, including defendant Andrew Crawford, who allegedly did not extinguish a cigarette that started the fire.[1] Mr. Crawford wants the plaintiff's tax returns for the years 2017 to 2020. He served discovery requests for them on September 9, 2022, the deadline to respond was October 10, 2022, and the plaintiff responded late on March 5, 2023, asserting — in this diversity case — that the tax records are privileged under state law.[2] Mr. Crawford does not address whether the records are privileged or discoverable because the plaintiff has a lost-income claim. Instead, he contends that "there is no reason to

---

[1] Joint Case-Mgmt. Conf. Statement – ECF No. 101 at 2–3: Compl. – ECF No. 1-1 at 6–8 (¶¶ 14–34). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 105 at 1.

ORDER – No. 21-cv-07161-TLT (LB)

address whether . . . [the] tax records are privileged under . . . California law, or whether [the] [p]laintiff's lost income claim is an implied waiver, because the failure to timely answer the discovery waived all objections including privilege."[3] The plaintiff counters that under California law, it is settled that the records are privileged (and thus were sought inappropriately), and it has disclosed its financial records to show lost rent relevant to the lost-income claim, which means that there is no prejudice to the defendant and no evidence relevant to the case.[4]

The defendant did not argue that the evidence is not privileged and contended only waiver in the form of the plaintiff's untimely response. On this record, absent an argument to the contrary, the court concludes that the tax records are privileged.

"In diversity actions, questions of privilege are controlled by state law." *Lawson v. GrubHub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 1684964, at *1 (N.D. Cal. May 3, 2017) (citing *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989), and collecting cases, including those applying state law to the tax-privilege question); Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). "Under California law, a privilege protects forced disclosure of income tax returns." *Lawson*, 2017 WL 1684964, at *1 (citing *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957)). "The privilege is meant 'to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes.'" *Id.* (quoting *Webb*, 49 Cal. 2d at 513). "The tax privilege is not absolute and is waived or inapplicable where: '(1) there is an intentional relinquishment, (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved.'" *Id.* at *2 (quoting *Schnabel v. Super. Ct.*, 5 Cal. 4th 704, 721 (1993)).

---

[3] *Id.* at 1–2.

[4] *Id.* at 2.

The issue here is only whether the plaintiff intentionally waived the privilege: the defendant did not assert factors two and three. He also does not cite any cases holding that a late response to a discovery request for tax records is a waiver.[5] As the court said in its earlier discovery order, for requests for production, courts have granted relief from an untimely objection on a showing of good cause.[6] *Batts v. Cnty. of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) ("Batts had no reasonable basis to believe that she had a two-week extension of time in which to serve her responses. At the same time, however, this court finds that a waiver of all objections would be a draconian result that is not warranted under the circumstances presented here. Accordingly, [the] plaintiff's objections will not be deemed waived."); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008); *Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1–2 (N.D. Cal. Aug. 24, 2010). In exercising its discretion, a court should evaluate relevant factors, including (1) the length of the delay, (2) the reason for the delay, (3) the existence of bad faith, (4) the prejudice to the party seeking the disclosure, (5) the nature of the request, and (6) the harshness of imposing the waiver. *In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 4378727, at *2 (N.D. Cal. Apr. 25, 2018).

Here, nothing suggests that the plaintiff intentionally relinquished the privilege. *Lawson*, 2017 WL 1684964, at *2. But assuming that the good-cause standard applies, the court finds good cause.

First, the tax returns are privileged under state law. As the plaintiff suggests, it is not a typical discovery request. Second, there is delay, but again, the issue is about information not usually discoverable. Third, nothing suggests bad faith. Fourth, there is no prejudice: the defendant did not contest in the letter brief the plaintiff's assertion that it has the relevant financial information about lost rents. (At the hearing, the plaintiff said that it had produced all financial information, and the defendant accepted the representation.) Finally, it is a firm privilege: nothing suggests deviating from the rule protecting disclosure of the information, especially given the production of the

---

[5] *Id.* (citing non-tax discovery orders finding waiver).
[6] Order – ECF No. 103 at 2.

relevant financial information, the absence of prejudice to the defendant, and — given the clarification at the hearing that the underlying financial information was produced — the defendant's resulting inability to assert relevance to the lawsuit that trumps the privilege, which meant that he had to rely entirely on waiver. *Cf. Johnson v. Ameriprise Fin.*, No. C 07-3168 PJH (JL), 2008 WL 11417641, at *1–3 (N.D. Cal. Aug. 19, 2008) (the plaintiff did not assert the tax-return privilege in her objections; in any event, the tax returns were relevant to "the gravamen of [the] [p]laintiff's claims" about whether the plaintiff was an employee or an independent contractor; the defendant sought only limited information relevant to that issue).

For these reasons, there is no waiver.

## CONCLUSION

The court denies the motion to compel. This resolves ECF No. 105.

**IT IS SO ORDERED.**

Dated: August 10, 2023

_____
LAUREL BEELER
United States Magistrate Judge